## Durborrow's Appeal.

1. The fee bill in equity adopted in Philadelphia in 1844, was not extended by any law to other counties of the state.

2. The Act of February 14th 1857, which declares that the courts of Common Pleas in several counties shall have the "same chancery powers and jurisdictions which were then by law vested in the Court of Common Pleas or District Court of Philadelphia," did not carry the rules of those courts into other counties, but merely conferred the same powers and jurisdictions, among which was the right to make rules and regulate the taxation of costs.

3. The equity rules adopted by the Supreme Court govern in the courts of the state, and by the Act of May 4th 1864, express power is conferred upon the Courts of Common Pleas to establish a tariff of fees and costs in equity proceedings and cases.

May-29th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Court of Common Pleas of *Huntingdon county:* Of May Term 1878, No. 178.

Appeal of J. R. Durborrow from the decree of the court dismissing his appeal from a taxation of costs by the prothonotary.

The facts were substantially these: In Durborrow's Appeal, 3 Norris 404, wherein the Supreme Court reversed the decree of the court below, the opinion of the court concluded in these words, "The costs, including those collected on the writ of assistance, to be paid by the appellee." Upon the return of the record to the court below, Durborrow, the appellant, filed the following bill of costs, which was taxed and allowed by the prothonotary:

| | | |
|---|---|---|
| Drawing demurrer, . . . . | $ 4 | 32 |
| Printing demurrer, 4 pages, . . . | 6 | 00 |
| Drawing answer, . . . . | 36 | 08 |
| Printing answer, 18 pages, . . . | 27 | 00 |
| Drawing interrogatories, . . . | 5 | 66 |
| Printing interrogatories, . . . | 6 | 00 |
| Printing defendant's paper-book, . . | 109 | 00 |
| | $194 | 06 |

Musser, the appellee, excepted to this taxation, whereupon the prothonotary retaxed the same and allowed the items for printing the demurrer, answers and interrogatories, but disallowed those for drawing the same, in an opinion saying, " The items in the bill of

costs for *drawing* the demurrer, answers and interrogatories, are stricken out because there is no rule of this court and no rule among the equity rules of the Supreme Court, allowing them. And further, it is the opinion of the prothonotary, on examination of the authorities and old equity fee-bill cited, that the right of the defendant to costs for *drawing* his demurrer, if it ever existed under the practice in this county, is abrogated by the adoption of the new rules in equity practice of May 27th 1865. Prior to the adoption of these rules, as I understand it, the proceedings were filed in writing, and the party was allowed his costs for *drawing* them; but now the answer, &c., are required by the new rules to be printed, and the party is to be allowed his costs for printing, instead of drawing answer, &c. If this view of the case is correct, he would not be allowed for both printing and drawing his papers. Rule No. 14, mentioned, allows the costs of *printing*, and therefore costs taxed for *drawing* are stricken off. The item of $109 for paper-book is not allowed. No rule or authority under which it could be allowed was brought to the attention of the prothonotary, and it was principally claimed by defendant's counsel, before the prothonotary, as an item allowable, not under any rule or authority, but in the discretion of the court, which discretion the prothonotary does not think he has the right to exercise."

The appeal of Durborrow from this taxation of costs was dismissed by the court below, and the taxation confirmed, when this appeal was taken, and this action of the court assigned for error.

*R. Bruce Petriken* and *George B. Orlady*, for appellant.—By Act of June 16th 1836, Pamph. L. 10, the costs of all proceedings in equity were within the discretion of the court, which continued to be the practice until the Act of July 26th 1842, Pamph. L. 9, was enacted, making it the duty of the Nisi Prius Judge of the Supreme Court in Philadelphia "to make and establish a tariff of fees and costs in equity cases, and in all other cases in the said court, for services not provided for by the existing Acts of Assembly." In pursuance of which the Supreme Court and the Court of Common Pleas of Philadelphia county adopted an equity fee-bill. See Brightly's Equity Jurisprudence 735. Which equity fee-bill has remained unchanged, except "incidentally" by the rules of equity practice adopted by the Supreme Court of Pennsylvania, May 27th 1865, by the report of the commissioners, who concluded their report as follows: "The subject of costs has been only incidentally touched, as it did not appear to be within the province of the committee."

The Court of Common Pleas of Huntingdon county has no equity rules, and have adopted, by custom, the rules and practice of the Supreme Court, and from these rules (No. 14) the prothonotary decided this case. The equity fee-bill adopted by the

[Durborrow's Appeal.]

Supreme Court (Brightly's Eq. Juris. 736), allows "for drawing bill, answer or other pleading, demurrer, exceptions, interrogatories, for every page of thirty lines, each of ten words, ten cents; and six cents per line for each subsequent page."

The rules adopted May 27th 1865, are silent on the right to costs for *drawing*, but in addition to the costs of the cause then allowable provide " the amount paid for printing shall be allowed as costs of the cause." The committee appointed " to revise and amend the rules of practice in equity cases" say in their report " that, except where such changes have been introduced, they have considered it better to adhere to the language and general scheme of the existing rules." Had they intended to annul the rule then in practice, providing for costs of *drawing* " bill, answer or other pleading," they would have plainly said so. The fee-bill and new rules are consistent with each other, and costs for drawing and printing are both allowable under them.

*Samuel T. Brown* and *R. M. Speer*, for appellee.—No appeal lies from the decree of the Court of Common Pleas taxing costs: McCauly's Appeal, 5 Norris 187. The act of May 4th 1864, Purd. Dig. 601, makes it the duty of the judges of the District Courts and Courts of Common Pleas, to establish tariffs of fees in equity proceedings. This gave them a discretionary power as to costs in equity. No general tariff or fee-bill in equity was ever adopted by the judges of the Common Pleas of Huntingdon county, but the discretion vested in them was exercised in each particular case as it arose. That discretionary power was exercised in this case, and its exercise is not reviewable here. This is the principle decided in Spering *v.* Smith *et al.*, 9 Phila. 277.

The rule of the Supreme Court, requiring a paper-book to be printed, is for its own convenience, and no rule nor law makes the printing of the book a part of the costs in equity proceedings or at law.

The judgment of the Supreme Court was entered June 3d 1878,

PER CURIAM.—We find nothing to correct in the taxation of the costs below, at the instance of this appellant. The fee-bill in equity, adopted in Philadelphia in 1844, was not extended by any law to the other parts of the state. It was not until 1857 the equity jurisdiction was extended to the remainder of the state. The act declared that the Courts of Common Pleas in the several counties, in addition to the powers and jurisdictions then vested in them, should have "the same chancery powers and jurisdictions which were then by law vested in the Court of Common Pleas or District Court of the city and county of Philadelphia." This did not carry the *rules* of these courts into other counties, but merely the same powers and jurisdictions, among which was the

[Durborrow's Appeal.]

power under the general law to make rules of court regulating the taking of fees. The Supreme Court, by virtue of its powers, made a set of rules in equity to govern in the courts of the state, and in 1864, express power was conferred by the act of that year upon the Court of Common Pleas to establish "a tariff of fees and costs in equity proceedings and cases." The rules so adopted by the Supreme Court and several Common Pleas govern.

Taxation affirmed.